JjEDWIN A. LOMBARD, Judge.
This appeal concerns the Office of Workers’ Compensation Court’s ruling that requires an injured worker to pay his employer a credit for volunteer work performed while receiving supplemental earnings benefits, and to participate in' vocational rehabilitation following workplace accident that occurred fourteen years ago. For the reasons that follow, we affirm the ruling issued by the lower court, vacate the portion of the judgment that awards defendant an indeterminate credit, and remand for the Workers’ Compensation Court to determine a specific amount to be paid by Mr. Kaufman constituting the credit owed to his employer for the paper route delivery services.

FACTS AND PROCEDURAL HISTORY

In 1989, Mr. Kaufman suffered a workplace accident during the course and scope of his employment by defendant. Mr. Kaufman fell when a forklift malfunctioned and dropped him. He hit his back and fell on his feet with his heels compressing his buttocks. At the time of the accident, Mr. Kaufman weighed 380 pounds. He injured his back, his Achilles tendon, the soles of the heels and both knees.
li>Mr. Kaufman’s average weekly wage had been $300.00, which resulted in tempo *258 rary total disability (“TTD”) payments of $201.00 per week. The precipitating event for the instant suit was the reduction of payments to Mr. Kaufman from the TTD amount to $390.56 per month for supplemental earnings benefits (“SEB”). This SEB rate assumes that Mr. Kaufman is able to earn approximately $5.25 per hour for 32 hours per week.
The matter was heard before Workers’ Compensation Judge (“ALJ”) Thompson on August 29, 2002. The injury and its occurrence during the course and scope of employment were stipulated, as was the payment history detailed above. The ALJ issued judgment and reasons on October 1, 2002 finding that Kaufman was not entitled to TTD after November 1, 2001 and was not totally and permanently disabled. The ALJ did, however, award SEB benefits at the previous TTD rate of $201.00 per week because of Mr. Kaufman’s substantial pain (he cannot take pain medication due to kidney problems). Thus, the ALJ determined that his SEB benefits should be calculated at a zero wage base; i.e., he has no earning capacity at this time due to the pain. The ALJ further ruled that such payments were to include interest from the date of each installment’s due date. The ALJ also awarded to defendant a credit for the times Kaufman worked on his wife’s paper route at the amount he would have been paid for the route. The court never stated the amount of the credit, when the credit started, or when it ended.
Kaufman moved for a new trial because: (1) the court awarded a credit when he had never earned any actual monies (he had volunteered to assist his estranged wife); and (2) the court ordered him to participate in vocational rehabilitation, which is inconsistent with the AL J’s finding that he cannot work due to substantial pain. The motion for new trial was denied and this appeal followed.
|sThe defendant answered the appeal and contended that the ALJ erred in ruling that: (1) Kaufman was entitled to SEBs from November 1, 2001 forward at the TTD rate; (2) defendant failed to prove Kaufman’s post-injury earning capacity; and (3) a credit was owed without specifying the amount of such credit due to defendant.

ANALYSIS

Mr. Kaufman claims that the reduction to the SEB rate is erroneous for three reasons: (1) he is in need of knee replacement surgery; thus, he should continue to receive TTD because he has not reached maximum medical cure; (2) if, however, he is found not entitled to receive TTD, then he should be found totally and permanently disabled under Comeaux v. City of Crowley, 2001-0032 (La.7/3/01), 793 So.2d 1215; and (3) if not found to be entitled to TTD or total and permanent disability payments, then he should receive SEBs with a zero wage base solely by reason of substantial pain. Gaspard v. St. Paul Fire & Marine Ins. Co., 483 So.2d 1037 (La.App. 3rd Cir.1985); La. R.S. 23:1221(3) (c) (ii).
Concerning Mr. Kaufman’s claim that he has not achieved maximum medical cure (because of the need for knee surgery) and thus should continue to receive TTD benefits, the medical experts testimony does not support that contention. Until and unless Mr. Kaufman should lose a considerable amount of weight (approximately 150 pounds, at least), he is not a candidate for knee surgery and is therefore considered to be at maximum medical improvement. Temporary total disability payments are not indicated under the circumstances presented.
*259 Regarding Mr. Kaufman’s next assertion that, if he is not entitled to receive TTDs, at least he is entitled to permanent and total disability benefits, pursuant to | ¿Comeaux. The distinctions in the referenced case, however, render it inapposite to the instant factual scenario.
The court in Comeaux noted:
The [lower] Court’s finding of permanent total disability was based on clear and convincing evidence including, but not specifically limited to, claimant’s age, lack of education and previous work history coupled with the medical reports and the report of the vocational rehabilitation expert.... In this case, the claimant is a fifty year old male with an eight or ninth grade education. While claimant’s treating physician has placed severe restrictions on his ability to work, a vocational rehabilitation expert testified that claimant is vocational unemployable in any occupation.
Comeaux, 2001-0032 at 5, 793 So.2d at 1218.
Unlike Mr. Comeaux who had participated in vocational rehabilitation for 52 weeks, Mr. Kaufman has never received vocational rehabilitation. As the above quote reflects, the court in Comeaux relied upon the rehabilitation report, in part, to determine that the claimant was permanently and totally disabled. Without such rehabilitation efforts, as recently ordered by the ALJ, Mr. Kaufman is not entitled to the finding of permanent and total disability at this juncture.
Mr. Kaufman also asserts that he is entitled to a calculation of SEBs based upon zero wages because of his substantial pain. The ALJ awarded Mr. Kaufman his previous rate of benefits, even though the ALJ called them SEBs rather than TTDs. Due to the interest award, Kaufman is financially in the same place he was previous to the suit. Additionally, based upon the videos showing Mr. Kaufman assisting in the paper route deliveries, his assertion that he cannot earn any wages whatsoever is without support. Therefore, the ruling by the ALJ for the calculation of SEBs is not erroneous.
Moreover, although Mr. Kaufman argues that he should not have to pay back monies potentially earned when he never actually earned anything from ^assisting with the paper route, the ruling by the ALJ is reasonable. If Mr. Kaufman could perform a job, albeit with limited ability, he reasonably could have earned some money for that performance, and it is not manifest error for the ALJ to have awarded the credit to defendant for the monies that could have been potentially earned by Mr. Kaufman’s labor.
Mr. Kaufman argues further that the order requiring his participation in vocational rehabilitation is inconsistent with the ALJ’s determination that he is incapable of working due to substantial pain. The ruling makes sense, however, under the actual circumstances presented; i.e., the video tapes of Mr. Kaufman working. Moreover, with rehabilitation, Mr. Kaufman will either be able to find some employment that he can perform or, like Mr. Comeaux, he may receive a report that he is unemployable and therefore entitled to receive permanent and total disability benefits in the future.
Concerning the defendant’s arguments, the credit owed by Mr. Kaufman cannot be computed by this court by reference to this record. It is necessary for the Workers’ Compensation Court to take testimony and order a specific sum based upon the evidence. No provision was made in the order at issue for the parties to determine an amount for the defendant’s credit; thus, we are remanding the *260 matter for the ALJ’s calculation of the credit owed defendant.
The issue of whether defendant proved Kaufman’s post-injury earning potential is resolved by reference to the statute. Subsection (ii) states that for purposes of subsection (i) [figuring what the subtraction is from the weekly earnings], if claimant proves by clear and convincing evidence that due to substantial pain, he or she cannot work, that claimant shall be deemed incapable of performing such employment. Based on the ALJ’s award of SEBs at the TTD rate 1 fidue to substantial pain, it is apparent that Kaufman proved he cannot work due to his pain and his inability to take medication for same. If the rehabilitation helps him manage his pain or lose weight so that he can have the knee surgery, perhaps in the future he will be able to work.
Furthermore, the ALJ’s ruling is consistent with the jurisprudence in this area. In Comeaux, the claimant worked toward his GED, which activity was deemed to constitute appropriate vocational rehabilitation. Kaufman has made no such effort in the instant case. In Gaspard, the court ruled that due to the claimant’s substantial pain, she was not able to engage in employment consistently, thus was not totally and permanently disabled, but she was entitled to SEBs with a zero wage base.

CONCLUSION

Therefore, for the foregoing reasons, the lower court’s judgment is affirmed in part as to the issues raised except for the computation of the credit owed defendant. For the latter calculation, we vacate that aspect of the judgment that ordered a credit without specifying the amount, and remand for the ALJ to determine a specific amount that Mr. Kaufman owes his employer for the monies he might have earned by assisting in the paper route.

AFFIRMED IN PART; VACATED IN PART; REMANDED.