COOKS, J.,
concurs.
I write separately to express that the majority opinion grants Mr. Gleason at least a portion of the relief he is entitled to in accord with Louisiana’s Workers’ Compensation Law. I believe Mr. Gleason is also entitled to full recovery of his attorney fees at the trial level. Additionally, I believe that no valid basis in law or fact existed to justify Defendant’s willful failure to pay benefits as required by the Act. Louisiana Revised Statutes 23:1201(F) provides that an employer or workers’ compensation insurer is subject to penalties and attorney fees if it denies benefits without reasonably controverting the claim or if its failure to pay benefits is not a result of conditions over which it has no control. LGMC denied benefits to Gleason, asserting that because Gleason voluntarily resigned his job and was earning full pay before doing so he was not entitled to any further benefits. This rationale has no basis in workers’ compensation law. Claimant’s inability to work in this case is the result of him experiencing substantial pain, a fact well known to LGMC. We have repeatedly held:
TTD benefits are proper when the claimant is unable to engage in any self-employment or occupation for wages. Once an injured worker reaches maximum medical improvement and is able to return to work, even in pain, then he is no longer eligible for TTD benefits, but is relegated [entitled] to SEB benefits if he is unable to earn 90% of his pre-accident wages.
Vermilion Parish Police Jury v. Williams, 02-12, p. 5 (La.App. 3 Cir. 7/3/02), 824 So.2d 466, 470 (citing Foster v. Liberty Rice Mill, 96-438 (La.App. 3 Cir. 12/11/96), 690 So.2d 792). See also Daenen v. The Cajun Landing Rest., 04-1193 (La.App. 3 Cir. 4/6/05), 899 So.2d 125, and Broussard v. Lafayette Parish Sch. Bd., 05-575 (La.App. 3 Cir. 4/5/06), 926 So.2d 713, writ denied 06-1044 (La.6/23/06), 930 So.2d 983. LGMC’s reason for denying benefits has no basis in the law or jurisprudence and it should not be excused. See id. See also Lee v. Kenyan Enterprises, 41,308 (La.App. 2 Cir. 8/23/06), 938 So.2d 1216, relying on our holding in Foster, 690 So.2d 792.
LGMC stipulated it was well aware that Gleason’s physician declared him unable to work pending further diagnostic testing for which it refused to pay. Although LGMC settled the medical claim in this case on the eve of the hearing, its failure to pay medicals has delayed full assessment of Gleason’s future ability to perform work of any kind and he has not been offered any rehabilitation services. See Kaufman v. Fishery Products of La., Inc., 03-523 (La.App. 4 Cir. 10/22/03), 866 So.2d 256, and cases cited therein. LGMC does not, nor can it, assert that its reasons for failing to pay benefits was the result of conditions over which it had no control. I believe Gleason is entitled to penalties and attorney fees below and on appeal for LGMC’s willful refusal to timely pay benefits.